IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00961-BNB

JASON COMPTON,

     Plaintiff,

v.

RANDY LIND, AVCF Warden,
RANDY MALDEN, Case Manager III,
MR. SPARKS, Case Manager Unit One, and
RICK RAEMISCH, CDOC Director,

     Defendants.

---

## ORDER OF DISMISSAL

---

     Plaintiff, Jason Compton, initiated this action by filing *pro se* a Prisoner Complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.  Plaintiff is incarcerated at the Buena Vista Correctional Complex-Main and Boot Camp in Buena Vista, Colorado.

     The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint when a prisoner is seeking redress from officers or employees of a governmental entity.  and dismiss the Complaint, or any portion of the Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the Complaint as legally frivolous.

Plaintiff asserts that in 2005 Magistrate Judge Boyd N. Boland found Plaintiff's rights had been violated because he was placed on restricted privileges (RP) without a disciplinary report (CPOD).  Compl. at 4.  Plaintiff further contends that Magistrate Judge Boland directed defendants to pay Plaintiff $500 each day if they placed him on RP status without involving a disciplinary report.  *Id.*  Plaintiff also asserts that he is filing this action because the CDOC now has restricted his privileges for the past four months and denied employment until he serves the "Administrative RP status program illegally to their satisfaction."  *Id.*  Plaintiff further asserts that he is battling cancer, that was first diagnosed in 2010, and has severe mental health issues over the RP status.  *Id.*

First, the Court has reviewed the Court's Docket and has determined Plaintiff did not file a case in this Court in 2005.  In 2009, Plaintiff filed an action challenging his placement on RP.  *See Compton v. Herrera, et al.*, No. 09-cv-01079-ZLW (D. Colo. July 9, 2009).  This case was dismissed because Plaintiff failed to pay an initial partial filing fee.  No order was entered in this case granting Plaintiff relief regarding RP and no directive was stated that Plaintiff would be given $500 a day for every day he may be

placed on RP in the future.  The Court also reviewed each of Plaintiff's other four cases

that he filed in this Court, including Case Nos. 11-cv-01886-LTB, 11-cv-01661-LTB, 11-

cv-01660-LTB, and 12-cv-00731-LTB.  Each of these cases were initiated while Plaintiff

was detained at the Elbert County Jail and either challenge the conditions of his

confinement at the jail or the validity of his confinement.

Plaintiff's challenge to RP status lacks merit for the following reasons.  The

existence of a constitutionally protected liberty interest depends upon the nature of the

interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  A prisoner is not

entitled to any procedural protections in the absence of a grievous loss.  *See Morrissey*

*v. Brewer*, 408 U.S. 471, 481 (1972).  Generally, a liberty interest protected by due

process may arise under the United States Constitution or state law.  *See Sandin*, 515

U.S. at 483-84.  State law may create a liberty interest if it imposes an "atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Sandin*, 515 U.S. at 484.  Relevant factors to be considered in determining whether

certain conditions of confinement impose atypical and significant hardship in relation to

the ordinary incidents of prison life include whether the conditions relate to and further a

legitimate penological interest, whether the conditions are extreme, whether the

conditions increases the duration of confinement, and whether the conditions are

indeterminate.  *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir.

2007).

Plaintiff's placement on restricted privileges did not implicate a liberty interest that

arises under the Constitution because prisoners are not entitled to any particular degree

of liberty.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16

F.3d 367, 369 (10th Cir. 1994).  In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner.  *See Meachum*, 427 U.S. at 224.

Plaintiff fails to demonstrate the existence of a constitutionally protected liberty interest that arises under state law because he fails to allege facts that demonstrate his placement on restricted privileges for a period of four months imposed atypical and significant hardship in relation to the ordinary incidents of prison life.  Plaintiff describes the differences between a placement in general population and restricted privileges as follows:

> CDOC once again has taken visits, all programs, all religious services, canteen, and all my property away from me for at least 4 months minnimum [sic] and I'm not allowed employment until I serve this case management Administrative RP status program illegally to their satisfaction.

ECF No. 1 at 4.

The Court is not persuaded that being subjected to these alleged deprivations for four months days, or until Plaintiff completes the RP status program, results in atypical and significant hardship.  *See Rezaq v. Nalley*, 677 F.3d 1001, 1012 (10th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin*, 515 U.S. at 479-83, for the proposition "that nondisciplinary administrative segregation 'is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.' ").

For these reasons, the Court finds that Plaintiff was not deprived of a constitutionally protected liberty interest as a result of his placement on RP.  The Court

also acknowledges that Plaintiff has been diagnosed with cancer and  that he alleges he has severe mental health issues because of the RP placement.  Plaintiff, however, does not assert that he is being denied any necessary treatment for either his cancer or mental health issues.  The Complaint, therefore, will be dismissed as legally frivolous.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  1st  day of ____May_____, 2014.

BY THE COURT:

____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court